(24 Misc. Rep. 720.)

## SEVEN SOUTHERLAND SISTERS v. McINNERNEY et al.

### (Supreme Court, Appellate Term.   October 5, 1898.)

FACTORS—SALES—ROYALTIES.
> Where a contract provides for the payment as royalties to sellers of a certain article of "a sum equal to 20 per cent. of the amount of the gross sales made by them," the amount to be allowed is 20 per cent. of the actual gross sales after deducting discounts allowed to customers.

Appeal from Fourth district court.

Action by the Seven Southerland Sisters against Thomas H. McInnerney and another to recover royalties.   Judgment was for plaintiff, and defendants appeal.   Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

E. P. Johnson, for appellants.

M. Esberg, for respondent.

GILDERSLEEVE, J.   The plaintiff corporation and defendants entered into a contract, under the terms of which plaintiff was to receive from defendants 20 per cent. of the gross sales of certain articles.   The precise words of the contract are as follows, viz.: "The parties of the second part [defendants] promise and agree to pay to the said party of the first part [plaintiff], monthly, and as a royalty, a sum equal to 20 per cent. of the amount of the gross sales made by them," etc.   The nominal gross sales, without deducting the discount allowed to customers, amounted to the sum of $5,907.85; while the actual gross sales, after allowing the discount, or, in other words, the money actually received on sales, amounted to $5,411.14.   The defendants have already paid to the plaintiff 20 per cent. on this sum of $5,411.14, but plaintiff wants $99.34 more, or 20 per cent. on $5,411.14, the nominal gross sales.   The only question presented on this appeal is the following, viz.:   Do the words "gross sales," mentioned in the contract, mean the nominal gross sales, without deducting the discount allowed to customers, or do they mean the gross sales after deducting the discount, i. e. the actual money received?   The justice found for plaintiff.   This decision was erroneous.   The term "gross sales" means actual sales, without deducting expenses.   The discount certainly cannot be regarded as expenses.   The plaintiff, under this contract, was entitled to 20 per cent. of the actual receipts, without deducting the expenses; in other words, it was entitled to 20 per cent. of the gross receipts, as distinguished from the net profits.   If a seller says to a buyer that he will sell him a horse for $100, and allow

him 10 per cent. discount if he pays within a certain time, and the buyer does pay within that time, the "gross sale" of that horse is $90; and the same principle applies to the case at bar.

The judgment should be reversed, and, as there are no questions of fact in dispute, the complaint should be dismissed, with costs in the court below and of this appeal. All concur.